IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1995 SESSION

FILED

May 7, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE, )
                           )
    Appellee, ) No. 01C01-9412-CC-00406
                           )
                           ) Maury County
v. )
                           ) Hon. Jim T. Hamilton, Judge
                           )
RANDY ANDERSON, ) (Aggravated Burglary and Theft over $1,000)
                           )
    Appellant. )

DISSENTING OPINION

     I respectfully disagree with my colleagues in this case. I do not believe that the prosecutor's remarks concerning the appellant's intention to plead guilty prejudiced him or deprived him of a fair trial. As pointed out by the majority, Judge v. State[1] provides five factors to be considered in assessing the prejudicial effect of improper argument. The five factors are:

    1. The conduct complained of viewed in context and in light of the facts and circumstances of the case.

    2. The curative measures undertaken by the court and the prosecution.

    3. The intent of the prosecutor in making the improper statement.

    4. The cumulative effect of the improper conduct and any other errors in the record.

    5. The relative strength or weakness of the case.

     Four of these five requirements, in the context of this case, tend to establish that the improper conduct did not affect the verdict. The trial court did not give a curative instruction regarding the improper comments.[2] However, the record reveals that the intent of the prosecutor was not malicious. The prosecutor was only articulating a conclusion that he wanted the jury to reach

---

[1]     539 S.W.2d 340, 344-45 (Tenn. Crim. App. 1976).

[2]     In this instance, a curative instruction by the judge would have only served to bring more attention and focus to the improper comment.

regarding the appellant.  Furthermore, the record does not indicate that the appellant's trial was tainted with errors.  I see no compounding or cumulation of prejudice when this improper comment is considered in light of the entire record.

I find that the evidence proffered against the appellant was strong.  To detract nothing from a competent prosecutor, I am very skeptical that his improper comments removed all traces of reasonable doubt from the minds of the jury.  Therefore, I would affirm the convictions.

_____
PAUL G. SUMMERS, Judge